IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELPHIA SIMMONS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CASE NO. 3:10-CV-00326-O |
| COMERICA INCORPORATED, | § § § | |
| DEFENDANT. | § | |

**COMERICA INCORPORATED'S SUGGESTION OF THE
ABSENCE OF SUBJECT MATTER JURISDICTION**

Comerica Incorporated submits this suggestion of the absence of the Court's subject matter jurisdiction as follows:

On July 19, 2010, in *Cappuccitti v. DirecTV*, the Eleventh Circuit considered what jurisdictional requirements the Class Action Fairness Act ("CAFA") imposes on putative class actions originally filed in federal court.[1] The Eleventh Circuit held as a matter of first impression that district courts lack subject matter jurisdiction over CAFA actions originally filed in federal court unless at least one plaintiff alleges an individual amount in controversy over $75,000.[2]   Under the Eleventh Circuit's holding in *Cappuccitti*, this Court lacks subject matter jurisdiction and should dismiss this case.

In *Cappuccitti*, the plaintiff filed a putative class action in the Northern District of Georgia alleging that defendant unlawfully collected certain fees under Georgia law. The plaintiff alleged that the district court had subject matter jurisdiction under CAFA because the

---

[1] *Cappuccitti v. DirecTV, Inc.*, -- F.3d --, 2010 2803093, at *2-5 (11th Cir. 2010).  A copy of the *Cappuccitti* decision is attached as Exhibit A.

[2] See id. at *3.

**COMERICA INCORPORATED'S SUGGESTION OF THE ABSENCE OF SUBJECT MATTER JURISDICTION**          PAGE 1
872064 v1 (71315.00002.000)

parties were diverse to the extent required and the aggregate class damages exceeded $5,000,000.[3] On appeal, the Eleventh Circuit determined that the district court lacked subject matter jurisdiction. Specifically, the Court found that "in a CAFA action originally filed in federal court, at least one of the plaintiffs must allege an amount in controversy that satisfies the current congressional requirement [of $75,000] for diversity jurisdiction provided in 28 U.S.C. §1332(a)."[4] Because "Cappuccitti [did not allege] even one claim that, on an individual basis, approache[d] the current $75,000 amount in controversy requirement," the Eleventh Circuit "remand[ed] the case with the instruction that the district court dismiss it for lack of subject matter jurisdiction."[5]

Here, the Plaintiff originally filed the Complaint in federal court. The Plaintiff contends that the Court has subject matter jurisdiction because the parties are diverse as required by CAFA and the aggregate class damages exceed $5,000,000. But the Plaintiff does not allege an individual amount in controversy exceeding $75,000. Consequently, under the Eleventh Circuit's holding in *Cappuccitti*, this Court lacks subject matter jurisdiction. Accordingly, the Court should dismiss this case.

---

[3] *See* 28 U.S.C. §1332(d)(2)(A), (6).

[4] *Cappuccitti*., 2010 2803093, at *3.

[5] *See id.* at *5.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By:  /s/ Kenneth C. Johnston

    Kenneth C. Johnston
    State Bar No. 00792608
    James B. Greer
    State Bar No. 24014739
    Kellie M. Johnson
    State Bar No. 24070003

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201
(214) 777-4200 (telephone)
(214) 777-4299 (facsimile)

**ATTORNEYS FOR DEFENDANT COMERICA INCORPORATED**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served upon all counsel by ECF means/PACER on this the 27th day of July 2010.

    /s/ Kellie M. Johnson
    Kellie M. Johnson